IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-653

Filed 2 April 2025

McDowell County, No. 22CRS050728

STATE OF NORTH CAROLINA

v.

RICKY KEITH CAPPS

Appeal by defendant from judgment entered 13 September 2023 by Judge J. Thomas Davis in McDowell County Superior Court. Heard in the Court of Appeals 29 January 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Mary W. Scruggs, for the State.*

*Lockamy Law Firm, by C. Scott Holmes, for defendant-appellant.*

ZACHARY, Judge.

Defendant Ricky Keith Capps appeals from the trial court's judgment entered upon a jury's verdict finding him guilty of felonious possession of stolen goods. After careful review, we conclude that Defendant received a fair trial, free from error.

## I.    Background

Gina Monte left her home in Nebo on 24 November 2021 to spend Thanksgiving out of town. When she returned on 29 November, the Jayco Jay Series pop-up camper that had been parked in her driveway was no longer there. Monte called the police to

report that her camper had been stolen.

On 7 December 2021, law enforcement officers who were responding to a fire on Defendant's property discovered the stolen camper there. At trial, Detective Burlin Ballew of the McDowell County Sheriff's Office described the property as a "fielded area" of "maybe a hundred yards in length" in front of "what used to be [Defendant's] residence there that had burned previously." In that field, which one officer described as an "impromptu campground," "there were a few campers, a tent" and "a shack type thing sort of structure."

Robert "Speedy" Jaynes resided in the field on Defendant's property and was present when officers discovered the stolen camper. Speedy produced a bill of sale to officers indicating that he had purchased the camper from Paul Poteat on 25 November. Speedy also gave officers permission to photograph the camper's exterior and interior. The camper appeared to have been modified to serve as a stationary residence: additional vinyl siding, wooden pallets, and a tarp were attached, and several blocks were wedged under the tires to keep the camper level. The camper also had been spray-painted a different color scheme. Nevertheless, the camper was identified as Monte's by its model number and serial number.

Meanwhile, on the same day that the camper was discovered, Monte reported to Detective Ballew that she had received a letter from an anonymous source who claimed to have "a bit of information that [she] might be interested in." Detective Ballew called the phone number provided in the anonymous letter, and the ensuing

conversation led him to believe that he needed to interview Defendant regarding the camper.

Detective Ballew interviewed Speedy on 15 December. The next day, Detective Ballew and a colleague interviewed Defendant and another suspect, Daniel Thrall, at Defendant's property. Defendant acknowledged that he knew at that point that the camper had been stolen, and that it had been on his property when he returned home following his release from jail on 25 November. According to Defendant, it was his understanding that John Daniels "got the camper for [Defendant]" and brought it to Defendant's property "because of money [Daniels] owed" to Defendant. Defendant also told Detective Ballew that "he didn't know where [the camper] came from and he didn't choose to ask." After speaking with Thrall and Defendant, Detective Ballew left the property believing that the camper "had been sold to Speedy" on Defendant's behalf.

On 6 March 2023, a McDowell County grand jury indicted Defendant for one count of felonious possession of stolen goods. Defendant's case came on for trial in McDowell County Superior Court on 12 September 2023.

Defendant moved to dismiss the charge at the close of the State's evidence, arguing "that no reasonable juror could find that [he] ever knowingly possessed any stolen property." The trial court denied the motion. Defendant opted not to present evidence but renewed his motion to dismiss at the close of all evidence, which the trial court again denied.

On 13 September 2023, the jury returned its verdict finding Defendant guilty of felonious possession of stolen goods. The court sentenced Defendant to a term of 9 to 20 months' imprisonment in the custody of the North Carolina Department of Adult Correction. Defendant gave notice of appeal in open court.

## II.    Discussion

Defendant argues that the trial court erred by excluding as inadmissible hearsay certain testimony that he sought to elicit while cross-examining Detective Ballew. Defendant also contends that the trial court erred by denying his motion to dismiss because the State presented insufficient evidence that he possessed the camper discovered on his property. We disagree.

### A. Hearsay

We first address Defendant's hearsay argument. Defendant claims that "[t]he trial court erred by excluding [as hearsay] the answer to the question about whether Daniels, the person who stole the camper, lied to [Defendant] about it." However, Defendant failed to preserve this argument for appellate review because he made no offer of proof as to the substance of the excluded testimony.

"In order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Raines*, 362 N.C. 1, 20, 653 S.E.2d 126, 138 (2007) (citation omitted), *cert. denied*, 557 U.S. 934, 174 L. Ed. 2d 601 (2009). Further, our Supreme

Court has "held that the essential content or substance of the witness'[s] testimony must be shown before we can ascertain whether prejudicial error occurred." *Id.* (citation omitted). "Absent an adequate offer of proof, we can only speculate as to what a witness's testimony might have been." *State v. Ramirez*, 293 N.C. App. 757, 761, 901 S.E.2d 256, 259 (2024) (citation omitted).

In the case at bar, defense counsel asked Detective Ballew: Defendant "told you that John [Daniels] had lied to him, did he not?" The State objected on hearsay grounds and the trial court sustained the objection. Rather than providing an offer of proof of Detective Ballew's answer to the question for the record, defense counsel finished the cross-examination by stating: "Those are my questions." "By failing to make an offer of proof, [D]efendant has failed to properly preserve this issue for appellate review . . . ." *State v. Hardy*, 353 N.C. 122, 134, 540 S.E.2d 334, 344 (2000), *cert. denied*, 534 U.S. 840, 151 L. Ed. 2d 56 (2001).

Defendant nevertheless posits that this argument is preserved because "the offer of proof was in the leading question – which contained the answer." Defendant supports this contention with a citation to a nonprecedential opinion of this Court. *See State v. Everett*, 178 N.C. App. 44, 55, 630 S.E.2d 703, 710 (2006) ("An offer of proof is not necessary to preserve an issue for appellate review if the substance of the excluded testimony is apparent from the context within which the question was asked."), *aff'd and ordered not precedential*, 361 N.C. 217, 639 S.E.2d 442 (2007). Moreover, *Everett* has not subsequently been cited for this proposition in any binding

opinion of our appellate courts.

But even assuming, *arguendo*, that *Everett* is mandatory authority, it still would not support Defendant's argument. It is manifest that "the essential content or substance of [Detective Ballew's] testimony must be shown before we can ascertain whether prejudicial error occurred." *Raines*, 362 N.C. at 20, 653 S.E.2d at 138 (citation omitted). Here, Defendant fails to show the essential content or substance of Detective Ballew's excluded testimony; all that appears in the record is defense counsel's unanswered leading question. As the State notes, "it is quite possible that [Detective Ballew] would have said that Defendant did <u>not</u> tell him that Mr. Daniels had lied to him or that the unsubstantiated 'lie' had nothing to do with any relevant subject matter." Accordingly, even under the rule from *Everett*, if it were to apply, "the substance of the excluded testimony is [not] apparent from the context within which [defense counsel's] question was asked." 178 N.C. App. at 55, 630 S.E.2d at 710. "It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness'[s] testimony would have been had he been permitted to testify." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985).

Without an offer of proof as to Detective Ballew's answer to defense counsel's unanswered leading question, there is no evidence in the record to support Defendant's claim that Daniels lied to Defendant about the camper. Further, the State emphasizes that the evidence in the record "shows that Defendant did *not* ask

who owned the camper and did not want to know, not that he was lied to about the ownership of it." This further underscores the futility and impropriety of any attempt to review this issue on appeal.

"Absent an adequate offer of proof, we can only speculate as to what [Detective Ballew]'s testimony might have been." *Ramirez*, 293 N.C. App. at 761, 901 S.E.2d at 259 (citation omitted). "We cannot engage in speculation as to how Detective [Ballew] would have answered the question, and Defendant's argument is thus dismissed." *Id.*

**B. Motion to Dismiss**

Defendant further argues on appeal that the trial court erred by denying his motion to dismiss for insufficient evidence the charge of felonious possession of stolen goods.

*1. Standard of Review*

When ruling on a motion to dismiss, "the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator. Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Chekanow*, 370 N.C. 488, 492, 809 S.E.2d 546, 549 (2018) (cleaned up). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *Id.* at 492, 809 S.E.2d at 549–50 (citation omitted).

"The trial court is concerned only with the sufficiency of the evidence to take the case to the jury and not with its weight, and the test of the sufficiency of the evidence to withstand the motion is the same whether the evidence is direct, circumstantial[,] or both." *Id.* at 492, 809 S.E.2d at 550 (cleaned up). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *Id.* (citation omitted).

"Once the court decides that a reasonable inference of [the] defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts satisfy the jury beyond a reasonable doubt that the defendant is actually guilty." *Id.* (cleaned up). "But if the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *Id.* (cleaned up). "Whether the State presented substantial evidence of each essential element of the offense is a question of law"; consequently, an appellate court "review[s] the denial of a motion to dismiss de novo." *Id.* (citation omitted).

### 2. *Analysis*

Defendant alleges that there was insufficient evidence that he possessed the camper because "Daniels stole the camper and sold it to Speedy with[out] [Defendant] ever having dominion or control," and therefore, the State failed to show that he had actual or constructive possession of the camper.

"The essential elements of felonious possession of stolen property are: (1)

possession of personal property; (2) valued at greater than $1,000.00; (3) which has been stolen; (4) with the possessor knowing or having reasonable grounds to believe the property was stolen; and (5) with the possessor acting with dishonesty." *State v. Privette*, 218 N.C. App. 459, 471, 721 S.E.2d 299, 309 (cleaned up), *disc. review denied*, 365 N.C. 566, 724 S.E.2d 532 (2012). The only element at issue in this appeal is the first—whether Defendant had possession of the stolen camper.

"Possession may be either actual or constructive." *Id.* (cleaned up). Here, the State makes no argument concerning actual possession; rather, the State maintains that Defendant had constructive possession of the stolen camper.

"Constructive possession exists when the defendant, while not having actual possession of the goods[,] has the intent and capability to maintain control and dominion over them." *Id.* (cleaned up). "When contraband is found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *Chekanow*, 370 N.C. at 493, 809 S.E.2d at 550 (cleaned up). But "[w]here the defendant's possession is nonexclusive, constructive possession may not be inferred in the absence of other incriminating circumstances." *Privette*, 218 N.C. App. at 471, 721 S.E.2d at 309 (cleaned up).

"In determining whether sufficient incriminating circumstances exist to support a finding of constructive possession," our courts consider the following factors identified by our Supreme Court:

> (1) the defendant's ownership and occupation of the property . . . ; (2) the defendant's proximity to the contraband; (3) indicia of the defendant's control over the place where the contraband is found; (4) the defendant's suspicious behavior at or near the time of the contraband's discovery; and (5) other evidence found in the defendant's possession that links the defendant to the contraband.

*Chekanow*, 370 N.C. at 496, 809 S.E.2d at 552. "Evidence of conduct by the defendant indicating knowledge of contraband . . . is also sufficient to permit a jury to find constructive possession." *State v. Rice*, 252 N.C. App. 480, 484, 798 S.E.2d 432, 435 (2017) (cleaned up).

"Our determination of whether the State presented sufficient evidence of incriminating circumstances depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury." *Id.* (citation omitted). Additionally, "ownership of the premises on which the contraband is found is strong evidence of control, and thus, should be considered as a weighty factor in the analysis." *Chekanow*, 370 N.C. at 497, 809 S.E.2d at 552–53 (cleaned up).

Here, Defendant asserts that "the evidence tended to show that the camper changed hands but was never possessed by" him, and hence he claims that "[t]he court convicted [him] of possessing the camper simply because it was located on his property." To the contrary, the trial court properly denied his motion to dismiss because there was sufficient evidence that he constructively possessed the camper to submit the question of his guilt to the jury.

First, Detective Ballew testified that Defendant "knew [the camper] was stolen" by the time that Detective Ballew interviewed him. The State thus produced evidence "indicating [Defendant's] knowledge of contraband" on his property, which we have held is "sufficient to permit a jury to find constructive possession." *Rice*, 252 N.C. App. at 484, 798 S.E.2d at 435 (cleaned up).

The State also presented further evidence of incriminating circumstances. Detective Ballew testified that Defendant "didn't know where [the camper] came from and he didn't choose to ask." As our Supreme Court has recognized, "a defendant's suspicious behavior in conjunction with the discovery of the contraband" may be considered an incriminating circumstance. *Chekanow*, 370 N.C. at 498, 809 S.E.2d at 554. Additionally, Defendant saw the camper on his property beginning on 25 November; his continuing "proximity to the contraband" is properly considered an incriminating circumstance. *See id.* at 497, 809 S.E.2d at 553 (recognizing that a defendant's prior presence "in the place where the contraband was found approximately two days later" may constitute an incriminating circumstance). Finally, Defendant's "ownership of the premises on which the [camper wa]s found is strong evidence of control, and thus, should be considered as a weighty factor in the analysis." *Id.* at 497, 809 S.E.2d at 552–53 (cleaned up).

Upon careful review of the totality of the circumstances, it is readily apparent that "the State presented sufficient evidence of incriminating circumstances" for the trial court to submit the question of Defendant's guilt to the jury. *Rice*, 252 N.C. App.

at 484, 798 S.E.2d at 435 (citation omitted). Accordingly, the court did not err by denying Defendant's motion to dismiss.

## III.    Conclusion

For the foregoing reasons, Defendant received a fair trial, free from error.

NO ERROR.

Chief Judge DILLON and Judge STROUD concur.